UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN COX,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br><br>    Defendant. | CAUSE NO. 1:19-CV-362 DRL |

OPINION & ORDER

Steven Cox appeals from the Social Security Commissioner's judgment denying his application for disability insurance under Title II of the Social Security Act. *See* 42 U.S.C. § 405(g). Mr. Cox requests the court reverse for benefits or remand his claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court grants Mr. Cox's request for remand.

BACKGROUND

Mr. Cox suffers from a variety of physical impairments [R. 35]. Mr. Cox has a high school education and has previous work experience as a forming machine operator and a hand packager [R. 40-41]. Mr. Cox filed a Title II application for benefits on December 20, 2016, alleging a disability onset date of February 28, 2016 [R. 32]. His claim was heard by Administrative Law Judge Terry Miller on June 21, 2018 [R. at 925]. Mr. Cox chose to proceed without counsel or a representative at that hearing [R. 32, 202].

In his February 19, 2019 decision, the ALJ found that Mr. Cox had the residual functional capacity to perform a limited range of light work [R. at 931]. He could never climb ladders, ropes, or scaffolds and he could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl [*Id.*]. He can never reach overhead with his dominant (right) upper extremity [*Id.*]. He could

otherwise frequently reach in other directions, handle, and finger bilaterally [*Id.*]. He had to avoid concentrated exposure to extreme heat and cold, wetness, and other pulmonary irritants, such as fumes, odors, dust, gases, poorly ventilated areas, and chemicals [*Id.*]. He also needed to avoid all exposure to hazards, such as operational control of dangerous moving machinery, unprotected heights, and slippery/uneven/moving surfaces [*Id.*].

The ALJ denied Mr. Cox's petition on the basis that he could not show that he was disabled as defined by the Social Security Act [R. 42]. Thereafter, Mr. Cox challenged the decision by filing a request with the Appeals Council [R. 205]. After the Council denied his request [R. 1], Mr. Cox timely filed a complaint here.

## STANDARD

The court has authority to review the ALJ's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusions," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do his impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform his former occupation; (5) is the claimant unable to perform any other work in the national economy given his age, education, and work experience. 20 C.F.R. § 404.1520; *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Mr. Cox asserts that (1) the ALJ erred in determining his residual function capacity (RFC) by improperly weighing medical opinion, and (2) the ALJ erred by not developing a full and fair record for Mr. Cox, an unrepresented claimant.[1] The court agrees and remands the case.

Between steps three and four, the ALJ determines a claimant's RFC, which is a measure of what an individual can do despite the limitations imposed by his impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). The determination of an RFC is a legal decision rather than a medical one. *See Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995). When formulating an RFC and posing hypothetical questions to the vocational expert, the ALJ should include all limitations supported by medical evidence in the record. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir. 2004).

After an examination in February 2018, Dr. Thomas Curfman restricted Mr. Cox from unnecessary repetitive strain at the wrists or elbows [R. 518]. The Commissioner notes that the ALJ

---

[1] Mr. Cox is now represented on appeal.

cited to this opinion earlier in his discussion; however, the ALJ never goes on to assign any weight to the opinion. *See Suide v. Astrue*, 371 F. Appx. 684, 690 (7th Cir. 2010) (remand required when the ALJ did not discuss what weight was given to medical reports, making it unclear how the ALJ determined claimant's limitations); *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (finding no "accurate and logical bridge" when ALJ explicitly assigned weight to some medical opinions, but recited other opinions without determining their weight). The Commissioner further notes that Dr. Curfman only saw Mr. Cox on only one occasion, thus not qualifying him as a treating source under 20 C.F.R. § 404.1527(a)(2). But even if an opinion isn't from a treating source, thus presumptively warranting controlling weight, an ALJ is still required to determine what weight the opinion merits. *See Scott v. Astrue*, 637 F.3d 734, 740 (7th Cir. 2011). That the ALJ didn't weigh Dr. Curfman's opinion at all is reason alone for remand; and that issue is complicated by the ALJ's treatment of the other medical opinions.

In August 2018, Jimmy LaRowe, OTD, prepared a functional capacity evaluation (FCE) of Mr. Cox [R. 583-596]. The ALJ doesn't say what weight he assigned the FCE overall, except to say he found it "generally consistent" with the RFC [R. 40]. The ALJ then goes on to assign little weight to specific opinions in the FCE, *i.e.*, that Mr. Cox can only occasionally walk or pinch [*Id.*], having previously cited evidence to the contrary [R. 39]. The ALJ cites inconsistent medical evidence for discounting those opinions [*Id.*]. Although the ALJ assigned little weight to certain parts of the FCE he disagreed with, it is unclear how the ALJ otherwise weighed this opinion. This is concerning given the same FCE that is "generally consistent" with the RFC includes limitations left unaddressed by the RFC or the ALJ's hypotheticals presented to the vocational expert. The FCE found that Mr. Cox needs to alternate sitting/standing [R. 585], but the ALJ didn't ask the vocational expert about a sitting/standing limitation; and there is no such limitation in the RFC.

4

In addition, the ALJ refers to the opinion of Physician Assistant Deborah Castile as being inconsistent with medical evidence, but he doesn't assign weight to them. He then specifically assigns significant weight to one finding by Ms. Castile (one which she rescinded in a following opinion) [*Id.*]. Again, the ALJ finds the opinion of Dr. J.V. Corcoran [R. 133-36] "generally consistent" with the RFC while assigning one finding little weight (*i.e.*, Mr. Cox could lift, carry, push, and pull 10 pounds only occasionally) [R. 40].

In the end, the court is left unable to reconstruct any logical bridge from the evidence to the ALJ's conclusion because it cannot trace the weight assigned to the evidence. For these reasons as well, remand is required. *See Suide v. Astrue*, 371 F. Appx. 684, 690 (7th Cir. 2010) (remand required when the ALJ did not discuss what weight was given to medical reports, making it unclear how the ALJ determined claimant's limitations); *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (finding no "accurate and logical bridge" when ALJ explicitly assigned weight to some medical opinions, but recited other opinions without determining their weight).

Mr. Cox next argues the ALJ didn't adhere to the duty to develop a full and fair record for a *pro se* claimant. Whether or not a claimant is represented, it is a basic obligation of the ALJ to develop a full and fair record. *See Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991) (quoting *Smith v. Secretary of Health, Education and Welfare*, 587 F.2d 857, 860 (7th Cir. 1978)). This is even more important when a claimant is unrepresented, like Mr. Cox, as the ALJ has a duty to "scrupulously and conscientiously [to] probe into, inquire of, and explore" all the relevant facts. *Id.* "Failure to fulfill this special duty is good cause to remand for gathering of additional evidence." *Id.* at 586. Of course, the ALJ does not act as counsel for claimant, "but as an examiner who thoroughly develops the facts." *Id.* (citing *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982)). The special duty assigned to the ALJ "requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel." *Id.*

5

The court generally upholds the reasoned judgment of the ALJ on how much evidence to gather, even when the claimant lacks representation. *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citing *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994); *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)). A significant and prejudicial omission is required before the court will find that the ALJ failed to assist *pro se* claimants in developing the record fully and fairly. *Id.* "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (quoting *Binion*, 13 F.3d at 246). Instead a claimant must show "specific, relevant facts—such as medical evidence—that the ALJ did not consider." *Id.* (finding a two-year gap in the record a significant omission); *see also Binion*, 13 F.3d at 245 ("Prejudice may be demonstrated by showing that the ALJ failed to elicit all of the relevant information from the claimant.").

Much of the information Mr. Cox believes warrants remand appears to be based on either speculation or insignificant (non-prejudicial) aspects. He speculates more medical records exist or that the Fort Wayne Community Schools or his previous employer might have records relevant to his mental health limitations, but these speculations don't show ALJ failed to "scrupulously and conscientiously" probe into the relevant facts. *See Thompson*, 933 F.2d at 585. Nonetheless, because the court is remanding the case for separate reasons, he will have the opportunity to develop the factual record, with the opportunity to do so assisted by counsel.

Finally, Mr. Cox argues the ALJ erred in his duty to develop a full record because he didn't inquire as to the methodology the vocational expert used to allocate jobs numbers. An ALJ's decision based on unreliable vocational expert testimony is equivalent to a finding that the decision wasn't supported by substantial evidence. *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018) (quoting *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008)). If a claimant challenges a vocational expert's job estimates, the ALJ must require the vocational expert to offer a reasoned and principled explanation. *Id.* at 969 (suggesting the ALJ make an inquiry into the reliability of the vocational expert's conclusion that is

6

similar though not necessarily identical to that under Federal Rule of Evidence 702) (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002)). A vocational expert's job estimates must not be "conjured out of whole cloth." *Donahue*, 279 F.3d at 446.

In this case, the ALJ solicited testimony from a vocational expert about whether any jobs exist in significant numbers in the national economy that Mr. Cox would be able to perform despite his limitations. The vocational expert testified that Mr. Cox could perform the occupations of cashier (DOT #211.462-010; 1,500,000 jobs nationally), inspector/packager (DOT #559.387-074; 519,000 jobs nationally), and package sorter (DOT #222.687-22; 676,000 nationally) [R. 118]. The ALJ relied on these estimates when finding Mr. Cox not disabled [R. 41]. The ALJ found the testimony consistent with the information contained in the *Dictionary of Occupational Titles* [*Id.*].

That said, Mr. Cox was not given the opportunity to ask questions of or crossexamine the vocational expert. The ALJ finished his line of questioning with the vocational expert and immediately moved on to another line of question with Mr. Cox regarding records [R. 121-22]. There is no way to tell if Mr. Cox would have raised an objection, thus triggering the recommended line of questioning. *See Chavez*, 895 F.3d at 969. Here it appears the vocational expert's testimony was conjured out of whole cloth, *Donahue*, 279 F.3d at 446, citing no sources or experience to support his estimates, *Chavez*, 895 F.3d at 970. The ALJ found his testimony consistent with the DOT; however, the DOT doesn't contain statistics on job incidence. *See, e.g.*, *Alaura v. Colvin*, 797 F.3d 503, 507 (7th Cir. 2015) ("The administrative law judge said she'd 'determined that the vocational expert's testimony is consistent with the information contained in the [DOT]', but she was wrong, because the DOT doesn't contain statistics.").

Because Mr. Cox wasn't given an opportunity to ask the vocational expert questions about its reliability, and because it is the ALJ's duty to ensure a full and fair record on which he can make a finding based on substantial evidence, *see Thompson*, 933 F.2d at 585, the court finds remand necessary.

Mr. Cox has asked this court to reverse the decision for an award of benefits, something this court has the power to do, 42 U.S.C. § 405(g); however, the court should only award benefits if all factual issues have been resolved and "the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord*, 631 F.3d 411, 415 (7th Cir. 2011). The court is not in the business of weighing evidence. That is for the ALJ. *See Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000); *see also Underwood v. Astrue*, 430 F. Appx. 532, 535 (7th Cir. 2011) ("the ALJ is the factfinder in a disability proceeding—it is for him to weigh evidence and determine credibility"). In this case, there is medical opinion of record that has yet to be weighed and further facts that Mr. Cox wishes to develop; therefore, an award of benefits would be inappropriate at this time.

## CONCLUSION

Because the ALJ's decision was not based on substantial evidence and failed to otherwise build a logical bridge from the evidence to his conclusion, remand is required in this case. The court accordingly GRANTS Mr. Cox's request for remand and ORDERS the ALJ on remand:

(1) to conduct further administrative proceedings consistent with this opinion;

(2) to properly evaluate all medical opinions of record, including the February 2018 medical opinion by Dr. Thomas Curfman; and

(3) issue a new decision.

SO ORDERED.

September 14, 2020        *s/ Damon R. Leichty*
                          Judge, United States District Court